# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AMADO NABARRETTE, Individually and on behalf of All Others Similarly Situated, §§§§<br>    *Plaintiff*, §<br>v. §§<br>PROPETRO SERVICES, INC., §<br>    *Defendant*. § | NO. MO:15-CV-00211-RAJ-DC |

## ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

BEFORE THE COURT is Plaintiff Amado Nabarrette's ("Plaintiff) Motion for Leave to File Second Amended and Substituted Complaint. (Doc. 18). This case is before the undersigned Magistrate Judge by Order of Referral from the District Judge in accordance with 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrates. (Doc. 17). Pursuant to Local Rule CV–7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Motion, Defendant ProPetro Services, Inc.'s ("Defendant") Response (Doc. 22), and Plaintiff's Reply (Doc. 23), the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 18).

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action by filing his original complaint on December 3, 2015. (Doc. 1). The Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay its Field Supervisors overtime wages. (*Id.* at ¶ 4). Plaintiff brings his claims as a collective action on behalf of himself and all persons similarly situated. (*Id.* at ¶ 1). On December 8, 2015, Plaintiff filed his First Amended and Substituted Complaint. (Doc. 3). The First Amended Complaint contains representative action allegations on behalf of Field Secondary Supervisors and Field Supervisors employed by Defendant as well as Plaintiff's

individual claim for unpaid overtime compensation during his employment by Defendant as an Operator. (*Id*. at ¶¶ 29–42).

According to the First Amended Complaint, "Plaintiff Amado Nabarrette worked for Defendant as a Field Supervisor from approximately February of 2013 through August of 2014." (*Id*. at ¶ 4). The First Amended Complaint also alleges "Plaintiff held the job title of Operator for Defendant within the three years preceding the filing of the Original Complaint." (*Id*. at ¶ 12). "Plaintiff's duties as an Operator, Field Secondary Supervisor, and Field Supervisor included working at oil well sites to assist in pumping and fracking oil wells." (*Id*. at ¶ 15).

Plaintiff claims that while he worked as an Operator and Field Secondary Supervisor, he was paid an hourly wage plus bonuses. (*Id*. at ¶¶ 19–22). Plaintiff asserts Defendant never included Plaintiff's bonuses as part of his regular rate. (*Id*. at ¶¶ 20–23). Further, while Plaintiff worked as a Field Supervisor, he was paid a weekly salary plus bonuses. (*Id*. at ¶ 25). Although Plaintiff regularly worked more than forty (40) hours per week, Plaintiff alleges "Defendant did not pay an extra premium to Plaintiff for work in excess of forty hours per week." (*Id*. at ¶ 26).

On December 17, 2015, Plaintiff filed a motion seeking conditional certification of the following classes:

> **Each individual who worked as a Field Supervisor for Defendant at any time since December 3, 2012.**
>
> **Each individual who worked as a Field Secondary Supervisor for Defendant at any time since December 3, 2012.**

(Doc. 5 at 3–4). This motion for conditional certification remains pending before the Court. On January 12, 2016, Defendant answered Plaintiff's First Amended Complaint and responded to Plaintiff's Motion for Conditional Certification arguing that: (1) Plaintiff's claims were too individualized to justify conditional certification of a representative class; (2) Plaintiff failed to show that other individuals sought to participate in the lawsuit; and (3) Plaintiff never held the positions of

Field Secondary Supervisor and Field Supervisor, the two classes Plaintiff seeks to certify. (Docs. 11, 13).

On February 12, 2016, Plaintiff filed the instant Motion for Leave to File Second Amended and Substituted Complaint. (Doc. 18). Plaintiff seeks to add Blaine Crutcher ("Crutcher"), a Coil Tubing Supervisor who has an individual claim against Defendant for alleged violations of the FLSA, as a party plaintiff. (*Id*. at 1). On February 19, 2016, Defendant filed its Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 22). On the same day, Plaintiff filed his Reply. (Doc. 23). According to the Scheduling Order in this case, the deadline to amend pleadings or to join additional parties is July 5, 2016. (Doc. 20).

## II.  STANDARD OF REVIEW

Trial courts are required to freely grant leave to file an amended complaint, but leave to amend is by no means automatic. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing Fed. R. Civ. P. 15(a); *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). However, the Court must possess a "substantial reason" to deny leave to file an amended complaint. *Id*. In deciding whether to grant leave under Rule 15(a), district courts consider the following five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if the amended complaint is subject to dismissal under Rule 12(b)(6) for failing to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The showing the plaintiff must make at this preliminary stage is not onerous. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012).

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that parties may join in one action as plaintiffs if:

3

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and (2) there is at least one common question of law or fact linking all claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted). As long as both prongs of the test are met, permissive joinder is at the option of the plaintiffs. *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo*, 600 F.3d at 521.

### III. DISCUSSION

Plaintiff asks the Court for leave to amend his complaint to add Blaine Crutcher, a Coil Tubing Supervisor, as an individual party plaintiff in this matter. (Doc. 18). In response, Defendant argues that Crutcher's claim is "purely personal," because he is not similarly situated to Plaintiff or any putative class members. (Doc. 22 at 4). Specifically, Defendant contends Crutcher did not hold the same position as Plaintiff, "the two did not have similar job duties, they did not work for ProPetro during the same time period, and they were not paid in accordance with the same pay practices and policies." (*Id.*). Because the only similarity between Plaintiff and Crutcher is that they were both employed by ProPetro Services, Inc., Defendant concludes that Crutcher seeks to bring a "wholly personalized claim." (*Id.*).

Plaintiff admits that Crutcher worked in the Coil Tubing department whereas Plaintiff worked in the Fracking department of ProPetro Services, Inc. (Doc. 23 at 1). Yet, Plaintiff argues that Defendant treated him and Crutcher the same. (*Id.*). Crutcher and Plaintiff both allege they

4

were misclassified as supervisors by Defendant, they regularly worked more than forty hours per week, and they were both paid a salary plus bonuses without an overtime premium for hours worked over forty per week. (*Id*.). Therefore, Plaintiff argues permissive joinder of Crutcher is proper under Federal Rule of Civil Procedure 20. (*Id*. at 2).

A. **Permissive Joinder**

In this case, Defendant's alleged policies of misclassifying employees as supervisors and paying salaries plus bonuses without overtime premiums for hours worked over forty per week satisfy Rule 20's same-transaction requirement. Moreover, Crutcher and Plaintiff invoke the same provisions of the FLSA; thus, common questions of law link their claims. Accordingly, Defendant's company-wide compensation policies provide sufficient commonality among the claims brought by Plaintiff and Crutcher to allow them to proceed together pursuant to Rule 20. *See Allen v. Atl. Richfield Co*., 724 F.2d 1131, 1132–33 (5th Cir. 1984) (allowing 22 security guards who worked at the same petroleum refinery to join their FLSA claims under Rule 20).

Defendant warns that allowing permissive joinder will open the door to Plaintiff gathering "as many employees as possible to lodge whatever claims they can muster against a common employer in an FLSA action[.]" (Doc. 22 at 5). Assuming arguendo that Defendant's alleged company-wide policies of failing to pay overtime wages and misclassifying employees as supervisors allow other employees to satisfy Rule 20's transaction test, the Court has considerable discretion to deny joinder in the future if it would not facilitate judicial economy. *Acevedo*, 600 F.3d at 522. While trying the claims of Plaintiff and Crutcher together will not be too challenging logistically, if Plaintiff seeks to add more employees as individual party plaintiffs, the Court has wide discretion to deny joinder at that time.

B. **Delay and Prejudice**

Next, Defendant argues that the joinder of Crutcher "would result in undue delay of the final disposition of this case," causing Defendant prejudice. (Doc. 22 at 5). Plaintiff asserts that because

of the similarities between his and Crutcher's claims, "the same categories of proof and evidence will be submitted by the parties, and thus, it is permissible and practical to add Crutcher to this case." (Doc. 23 at 3). The Court finds Crutcher's claims of misclassification as a supervisor and that he received a salary plus bonuses without an overtime premium for hours worked over forty per week, arise from the same facts already pled concerning Defendant's company-wide policies. Defendant has therefore been aware of the allegedly improper compensation scheme of its supervisors since the lawsuit was filed and will not be prejudiced by the proposed amendment.

Importantly, Plaintiff sought leave to file his Second Amended Complaint the day after the Court entered its Scheduling Order. (Doc. 18). There are no imminent deadlines that would be jeopardized in the event that the Court granted the motion to amend. (Doc. 20). The discovery deadline is November 8, 2016. (*Id*. at 2). As such, Defendant has ample time to conduct any discovery necessitated by the amendment. Accordingly, the Court finds granting Plaintiff's Motion for Leave to File Second Amended Complaint would not unduly delay the proceedings or prejudice Defendant. *See Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 427 (5th Cir. 2004) (explaining that delay alone is an insufficient basis for denial of leave to amend: "The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."). Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint shall be granted.

**C.**     **Futility**

Last, Defendant contends that "allowing Plaintiff the chance to amend his complaint ***yet again*** is an exercise in futility and a waste of resources." (Doc. 22 at 5) (emphasis in original). Plaintiff urges that his motivations for joining Crutcher as a party plaintiff are "based on practicalities." (Doc. 23 at 2). Plaintiff seeks to keep the class issues separate from Crutcher's individual claims since "the number of potential Coil Tubing Supervisors was too small to justify the expense of seeking a separate and additional class of Coil Tubing Supervisors." (*Id*.).

"Futility" in the context of a motion to amend means the amended complaint would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Marucci Sports, L.L.C.*, 751 F.3d at 378. At this preliminary stage, the proposed factual allegations in the Second Amended Complaint and Crutcher's claims under the FLSA are not clearly futile. Accordingly, the Motion for Leave to File Second Amended and Substituted Complaint shall be granted.

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Second Amended and Substituted Complaint is hereby **GRANTED**. (Doc. 18).

It is further **ORDERED** that the Clerk of the Court docket the Second Amended and Substituted Complaint attached to Plaintiff's Motion. (Doc. 18-1).

It is so **ORDERED.**

SIGNED this 1st day of March, 2016.

_____
DAVID COUNTS
U.S. MAGISTRATE JUDGE